IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE DOE,

    Plaintiff,

v.               CIVIL ACTION NO. 3:23-0437

CABELL HUNTINGTON HOSPITAL, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Jane Doe's Motion to Proceed Anonymously (ECF No. 2), filed June 15, 2023. Defendant Cabell Huntington Hospital, Inc. filed a response in opposition to Plaintiff's motion (ECF No. 11) on August 7, 2023, and Plaintiff filed a reply memorandum on August 21, 2023 (ECF No. 14).

For the reasons that follow, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff's Complaint alleges that in August 2022 Plaintiff scheduled an appointment with Defendant Cabell Huntington Hospital's Center for Advanced Reproductive Medicine ("CARM") for October 10, 2022. Compl. ¶ 8. Plaintiff was ultimately unable to attend her appointment. *Id.* at ¶ 9.

On or about November 8, 2022, Plaintiff alleges that she learned "that two employees of Defendant had repeatedly accessed her file and shared Plaintiff's private information with third parties or individuals having no need to receive the same." *Id.* at ¶ 11. Plaintiff did not give the Defendant or its agents permission to share her confidential medical information. *Id.* at ¶ 13.

In fact, at the time of Defendant's alleged disclosure of her information Plaintiff "had not disclosed that she was experiencing difficulties becoming pregnant, and had not shared such information with family, much less the public." *Id.* at ¶ 10.

As a result of this unauthorized disclosure of her medical information, Plaintiff alleges that she has suffered "unnecessary embarrassment" and exacerbated anxiety. *Id.* at ¶ 12.

On June 16, 2023, Plaintiff filed her Complaint in this Court on the basis of diversity jurisdiction. *See id.* at ¶¶ 6–7. The Complaint asserts two causes of action against Defendant: (I) negligent training, supervision, and retention; and (II) invasion of privacy.

Plaintiff now asks the Court to allow her to proceed in this litigation anonymously. Defendant has responded in opposition.

## II.  LEGAL STANDARD

Generally, a civil complaint "must name all the parties" to the action. Fed. R. Civ. Pro. 10(a). This "rule recognizes 'the general presumption of openness of judicial proceedings,' which has a basis both in common law and in the First Amendment." *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023). The Fourth Circuit has expounded that "'[p]seudonymous litigation undermines the public undermines the public's right of access to judicial proceedings' because '[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings.'" *Id.* at 210–11 (quoting *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)) (alterations in original).

As this Court previously has stated, whether a party should be permitted to proceed anonymously rests in "'the sound discretion of the district court.'" *W. M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *1 (S.D.W. Va. Mar. 26, 2020) (quoting *Doe v. Alger*,

317 F.R.D. 37, 39 (W.D. Va. 2016)). This has recently been affirmed by the Fourth Circuit. *Doe*, 85 F.4th at 210.

In making an anonymity decision, the Court considers the five factors set forth by the Fourth Circuit in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). These factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238 (citations omitted). The Court has "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would post to the opposing party." *Pub. Citizen*, 749 F.3d at 274; *Doe*, 85 F.4th at 211.

### III. ANALYSIS

In applying the *James v. Jacobson* factors to this case, the Court finds they weigh in favor of permitting anonymity.

As to the first *James* factor, Plaintiff submits that she seeks to proceed anonymously not to avoid annoyance and criticism, but rather "to preserve the privacy of her medical information and its inextricable association with her identity resulting in this very civil action." Mot. to Proceed Anonymously at 3. Defendant asserts that Plaintiff's Complaint does not sufficiently describe that the medical information at issue "is of a highly personal and sensitive nature" so as to warrant anonymity. Def.'s Resp. in Opp., ECF No. 11 at 5–6. The Court disagrees. The Complaint makes clear that Plaintiff sought an appointment with the CARM and that she did so because she was

experiencing difficulty becoming pregnant. *See* Compl. ¶¶ 8, 10. It further alleges that Defendant's employees disclosed confidential medical information relating to Plaintiff seeking care from CARM. *Id.* at ¶ 28 ("The Defendant, by and through its agents and employees, publicly disclosed Plaintiff Doe's private diagnosis and/or information involving her having scheduled treatment at its fertility center."). Medical information regarding fertility issues is surely highly personal and sensitive in nature. This factor weighs heavily in favor of permitting anonymity.

As to the second *James* factor, the risk of retaliatory or mental harm to the party seeking anonymity, Plaintiff asserts that requiring her "to identify herself as [she] seeks to vindicate her privacy rights will cause her unnecessary mental harm by causing the public to learn of the matters she reasonably expected the Defendant would keep private." Mot. to Proceed Anonymously at 3. The Court agrees. This is not a case where disclosure of medical information is ancillary to a plaintiff's claim. *See* Def.'s Resp. in Opp. at 7, ECF No. 11. Instead, Plaintiff seeks vindication for the Defendant's alleged violation of her privacy rights through the disclosure of her medical information. Requiring Plaintiff to name herself will necessarily inform the public of the medical information she wished to remain private, exacerbating the harm Plaintiff claims to have suffered.[1] This factor weighs in favor of anonymity.

Regarding the third *James* factor, the age of the person whose privacy interests are sought to be protected, Plaintiff concedes that she is not a minor but offers that "this factor neither favors [n]or discourages her proceeding anonymously." Mot. to Proceed Anonymously at 3. While a minor plaintiff has a greater degree of interest in proceeding anonymously, *see* Def.'s Resp. in

---

[1] The Court is not swayed by Defendant's argument that Plaintiff will not suffer harm from further disclosure of her medical information because she is not a resident of Cabell County, West Virginia. The Court's public docket is just that, public. Plaintiff's Complaint is accessible to individuals outside of this judicial district. Def.'s Resp. in Opp. at 8.

Opp. 8, the Court finds age to be a neutral factor in deciding whether Plaintiff should be permitted to proceed under a pseudonym. *See Doe v. Virginia Polytechnic Inst., & State Univ.*, No. 7:21-CV-378, 2022 WL 972629, at *3 (W.D. Va. Mar. 30, 2022).

As to the fourth *James* factor, whether the action is against a governmental or private party, Because Plaintiff's case is against a private party, Defendant submits this factor weighs against anonymity. Def.'s Resp. in Opp. 9 (citing, for example, *Doe v. Alger*, 317 F.R.D 37 (W.D. Va. 2016)). The Court agrees and weighs this factor against granting anonymity. *See Doe*, 85 F.4th at 216.

Finally, the fifth *James* factor assesses the risk of unfairness that allowing Plaintiff to proceed anonymously will cause Defendant. Here, Plaintiff has offered to provide her name to the Defendant under a protective order. Mot. to Proceed Anonymously at 3–4. Defendant, on the other hand, argues that it is inherently unfair for Plaintiff to be permitted to proceed pseudonymously while it has been publicly named. That unfairness surely exists in almost every case where a plaintiff seeks anonymity. The Court has not, however, been apprised of specific circumstances that would make allowing this plaintiff to proceed anonymously particularly unfair to Defendant. Defendant has not suggested that anonymity will cause difficulty during discovery, *see Doe* 85 F.4th at 216, or that Defendant will suffer other identifiable unfairness in this litigation. The Court finds this factor does not weigh against anonymity.

On balance, the Court finds that these factors weigh in favor of anonymity. Accordingly, the Court must determine whether Plaintiff's interest in anonymity outweighs the public's interest in open judicial proceedings. *See Doe*, 85 F.4th at 211.

Defendant argues that Plaintiff's case does not present any extraordinary circumstances to support her request for anonymity. Def.'s Resp. in Opp., ECF No. 11. The Court disagrees. This

is not a case where sensitive medical records or information simply may become relevant in the course of discovery; Plaintiff's Complaint arises solely from Defendant's alleged unlawful disclosure of information related to Plaintiff seeking care from Defendant relating to her difficulty becoming pregnant and desire for care at Defendant's fertility center.

Seeking anonymity in this case does not strike the Court as a mere attempt "to avoid the annoyance and criticism that may attend . . . litigation," *Jacobson*, 6 F.3d at 238, but rather as Plaintiff's only opportunity to seek a remedy for her alleged injury without greater public disclosure of her confidential information. On the other hand, the public has no specific or identifiable interest in Plaintiff's medical information. The Court accordingly finds Plaintiff's interest in anonymity "outweighs the public in openness and any prejudice that anonymity would pose to the opposing party." *See Doe*, 85 F.4th at 211; *Pub. Citizen*, 749 F.3d at 274 (noting that "the use of a fictitious name has been permitted in cases involving the disclosure of confidential information").

## IV. CONCLUSION

In light of the foregoing, Plaintiff's Motion, ECF No. 2, is **GRANTED**. Plaintiff is permitted to proceed in this litigation anonymously.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 8, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE