IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE DOE,

          Plaintiff,

v.                                             CIVIL ACTION NO.  3:23-0437

CABELL HUNTINGTON HOSPITAL, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Cabell Huntington Hospital, Inc.'s Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for a More Definite Statement. ECF No. 9. Upon consideration of the parties' briefs, and for the reasons that follow, the Defendant's Motion to Dismiss is **GRANTED,** and its Motion for a More Definite Statement is **DENIED AS MOOT.**

### I.  BACKGROUND

Plaintiff's Complaint alleges that in August 2022 Plaintiff scheduled an appointment with Defendant Cabell Huntington Hospital's Center for Advanced Reproductive Medicine ("CARM") for October 10, 2022. Compl. ¶ 8. Plaintiff was ultimately unable to attend her appointment. *Id.* at ¶ 9.

On or about November 8, 2022, Plaintiff alleges that she learned "that two employees of Defendant had repeatedly accessed her file and shared Plaintiff's private information with third parties or individuals having no need to receive the same." *Id.* at ¶ 11.  Plaintiff did not give the Defendant or its agents permission to share her confidential medical information. *Id.* at ¶ 13.

In fact, at the time of Defendant's alleged disclosure of her information Plaintiff "had not disclosed that she was experiencing difficulties becoming pregnant, and had not shared such information with family, much less the public." *Id.* at ¶ 10.

As a result of this unauthorized disclosure of her medical information, Plaintiff alleges that she has suffered "unnecessary embarrassment" and exacerbated anxiety. *Id.* at ¶ 12.

On June 16, 2023, Plaintiff filed her Complaint in this Court on the basis of diversity jurisdiction. *See id.* at ¶¶ 6–7. The Complaint asserts two causes of action against Defendant: (I) negligent training, supervision, and retention; and (II) invasion of privacy.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. If a court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—

'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

### III. ANALYSIS

Defendant has challenged the sufficiency of Plaintiff's complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1).[1] Because the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim under Rule 12(b)(6), it declines to address the Defendant's challenges to the Court's subject matter jurisdiction under Rule 12(b)(1).

*First*, as to Plaintiff's claims for negligent training, supervision, and retention in Count I of the Complaint, the West Virginia Supreme Court of Appeals has provided the following inquiry for assessing a claim of negligent retention:

> when the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick v. W. Va. Dep't of Pub. Safety*, 503 S.E.2d 502, 506 (W. Va. 1998) (quoting *State ex rel. W. Va. State Police v. Taylor*, 499 S.E.2d 283, 289 n.7 (W. Va. 1997). Accordingly, to state a claim for negligent retention of an employee, a plaintiff must plead some facts that allow for a

---

[1] Specifically, Defendant has argued that Plaintiff has failed to properly plead that diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332 and that she failed to comply with the required prerequisites set forth in West Virginia's Medical Professional Liability Act, W.Va. Code 55-7B-6. *See* Mem. in Supp. of Mot. to Dismiss at 5–12; Notice of Suppl. Auth., ECF No. 21

reasonable inference that it was reasonably foreseeable that the retained employee was going to commit the underlying tort.

Applying the law to this case, Plaintiff's Complaint would need to plead facts showing that Defendant knew, or should have known, that the employees who alleged accessed and disclosed Plaintiff's private information were likely to do so. It does not.

Instead, Plaintiff's Complaint contains only the conclusory statements that "at all times mentioned, Defendant knew or should have known that its employees, including the ones who improperly divulged Ms. Doe's information, could and unfortunately, would improperly divulge a patient's/Plaintiff Doe's private medical information in [the] course of and scope of their employments in the absence of proper security/protection/training measures taken by Defendant." Compl. ¶ 17. Such "[t]hreadbare recitals" are not sufficient to support Plaintiff's claim. *See Iqbal*, 556 U.S. at 678. Plaintiff pleads no facts to suggest by Defendant's employees, let alone the specific employees at issue in this case, were prone to disclose Plaintiff's medical information without her consent.

Plaintiff also alleges that Defendant is liable for negligent training and supervision. Such claims are governed by basic negligence principles. *Runyon v. Hannah*, No. CIV.A. 2:12-1394, 2013 WL 2151235, at *7 (S.D.W. Va. May 16, 2013) (citing *Pruitt v. W. Va. Dep't of Pub. Safety*, 664 S.E.2d 175, 179, 181–83 (W. Va. 2008); *Neiswonger v. Hennessey*, 601 S.E.2d 69, 73 & n.3 (W. Va. 2004); *Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 719, 725 (W. Va. 2000)).

To establish such a claim, a plaintiff must show "that the employer failed to properly supervise its employees and, as a result, those employees proximately caused injury to another." *Biser v. Mfrs. & Traders Trust Co.*, 211 F. Supp. 3d 845, 856 (S.D.W. Va. 2016) (citing *Ferrell v. Santander Consumer USA, Inc.*, 859 F. Supp. 2d 812, 817–18 (S.D.W. Va. 2012)). As with general

negligence, "the analysis centers on whether the employer was on notice of the employee's propensity (creating a duty), yet unreasonably failed to take action (manifesting a breach), resulting in harm to a third-party from the employee's tortious conduct." *Radford v. Hammons*, No. 2:14–24854, 2015 WL 738062, at *7 (S.D.W. Va. Feb. 20, 2015) (citation omitted).

Thus, similar to the negligent retention claim, Plaintiff must properly allege that the disclosure of her confidential information was foreseeable. As provided above, there are simply no facts within the Complaint suggesting that Defendant was on notice of the employees' propensity to disclose confidential information.[2]

Additionally, even if Plaintiff had sufficiently pled foreseeability, "claims for negligent training or supervision cannot succeed absent an underlying claim for employee negligence." *Davis v. DISH Network, LLC*, No. CV 3:18-1415, 2019 WL 5406241, at *8 (S.D.W. Va. Oct. 22, 2019) (citing *Heslep v. Ams. for African Adoption, Inc.*, 890 F. Supp. 2d 671, 687 (N.D.W. Va. 2012)). Absent from Plaintiff's Complaint are any allegations that the employees of the Defendant who allegedly disclosed her confidential information did so negligently. *See Carroll v. USAA Sav. Bank*, No. 3:16-11120, 2017 WL 811491, at *3 (S.D.W. Va. Mar. 1, 2017) ("If a complaint fails to identify an employee's negligent act, the claim for negligent training or supervision should be dismissed as a matter of law.").

In light of the foregoing, it is apparent that Count I of the Complaint must be dismissed for failure to state a claim.

---

[2] Indeed, Plaintiff's Complaint is void of *any* non-conclusory facts regarding Defendant's actual supervision or training of its employees.

*Second*, as to Count II of Plaintiff's Complaint, in West Virginia the tort of "invasion of privacy" includes:

> (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public.

*Crump v. Beckley Newspapers, Inc.*, Syl. pt. 8, 320 S.E.2d 70, 74 (W. Va. 1983).

Defendant concedes that the West Virginia Supreme Court of Appeals has recognized a plaintiff may state a claim for invasion of privacy based upon a medical provider's wrongful disclosure of confidential medical information to the public. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 10 at 10 (citing *Tabata v. Charleston Area Med. Ctr., Inc.*, 759 S.E. 459, 464 (W. Va. 2014) (recognizing claim where defendant hospital published plaintiffs' personal identifying and confidential medical information on the internet for six months)); *Morris v. Consolidation Coal Co.*, 446 S.E.2d 648, 656–57 (W. Va. 1994).

Nevertheless, any claim for invasion of privacy must include an element of publicity. *See Mays v. Marshall Univ. Bd. of Governors.*, No. 14-0788, 2015 WL 6181508, at *6 (W. Va. Oct. 20, 2015). And, "'publicity,' in the context of invasion of privacy, entails that disclosure be widespread and not limited to a single person or a small group of people." *Id; see* Restatement (Second) of Torts § 625D, cmt. a (1977) ("'Publicity' ... means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."); *Adkins v. CSX Transp., Inc*., No. CV 3:18-0321, 2021 WL 3355417, at *3 (S.D.W. Va. Aug. 2, 2021) ("Typical examples of public disclosure include newspaper publications, radio broadcasts, and statements to large audiences.").

Although Plaintiff alleges that Defendant "publicly disclosed" her confidential information, Compl. ¶ 28, that legal conclusion is not supported by facts. Indeed, Plaintiff's Complaint alleges only that "two employees of Defendant repeatedly accessed her file and shared Plaintiff's private information with third parties or individuals having no need to receive the same." Compl. ¶ 11. These facts do not allow for an inference that Plaintiff's medical information was subject to "widespread" disclosure. *See Mays*, 2015 WL 6181508, at *6; *Blackwood v. Berry Dunn, LLC*, No. 2:18-CV-1216, 2019 WL 1179414, at *5 (S.D.W. Va. Mar. 13, 2019) (finding complaint which alleged that the plaintiff's "confidential information" was shared with "certain members" of the defendant's "friends and confidants" at work was not sufficient support publication of a private fact claim).

Thus, because Plaintiff has failed to allege sufficient facts to support the publicity element of the invasion of privacy tort, her claim in Count II must also be dismissed.

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED;**

2. Defendant's Motion for More Definite Statement (ECF No. 9) is **DENIED AS MOOT;**

3. Plaintiff's Complaint is **DISMISSED without prejudice**;

4. Defendant's Motion for Protective Order to Stay Discovery Pending Resolution of Its Motion to Dismiss (ECF No. 28) is **DENIED AS MOOT**.[3]

---

[3] In denying Defendant's motion for protective order as moot, the Court does not wish to convey to the Parties' that such motion was well taken. Where the parties to a case have *agreed* to a discovery schedule and accepted entry of the Court's scheduling order without objection, the Court is not compelled to grant stays of discovery simply because a motion to dismiss has been filed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 8, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE